**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

In re:

BRIAN CHRISTOPHER HENDERSON,   Case No. 05-15866-RGM
(Chapter 7)
    Debtor.

## MEMORANDUM OPINION

THIS CASE was before the court on January 10, 2006, on the debtor's motion for release of certain funds that had been garnished pursuant to a garnishment issued by Bernard Oravec.

Bernard Oravec obtained a judgment against Brian C. Henderson in the General District Court of Prince William County, Virginia. After obtaining the judgment, Mr. Oravec issued a garnishment summons which was served on the debtor's employer, Lockheed Martin Corp. Lockheed Martin withheld approximately $4,300.00 from the debtor's pay and forwarded it to the Clerk of the General District Court.

On November 16, 2005, the debtor filed a voluntary petition in bankruptcy pursuant to chapter 7 of the United States Bankruptcy Code in this court. The return date for the garnishment summons was December 1, 2005. On the return date, the General District Court was advised that the debtor had filed a petition in bankruptcy and took no action on the garnishment. The debtor has since filed a motion in this court to authorize the release of the funds held under garnishment. The debtor asserts that the garnished funds are exempt pursuant to §34-4 of the Code of Virginia.

Section 34-4 of the Code of Virginia (1950) creates the Virginia Homestead Exemption which allows a debtor to claim a limited amount of property including cash and wages earned exempt from claims of creditors. That is, property designated by the debtor pursuant to Va.Code

(1950) §34-4 cannot be seized by creditors to pay their claims. The amount of the exemption is limited to $5,000.00 plus certain amounts depending upon the number of dependants and the debtor's status as a veteran. The homestead exemption is a once in a lifetime exemption so the debtor cannot claim more than $5,000.00 plus any additional dependancy allowance during his lifetime. The homestead exemption cannot be claimed for the purchase price of the property claimed exempt or for spousal or child support obligations. Va.Code (1950) §34-5. A debtor may file a homestead exemption at any time before the court which issued the garnishment enters an order of payment. If, without filing bankruptcy, a debtor properly files a homestead deed prior to an order of payment being entered, the issuing court will order the money that was garnished to be paid to the debtor.

When a debtor files bankruptcy, there is an automatic stay against further collection actions, including the entry of any order of payment by a general district court. 11 U.S.C. §362. The Prince William County General District Court properly respected the automatic stay when it took no action on the garnishment on the return date.

One additional factor is important to note in resolving this matter. A garnishment is issued only after a writ of fieri facias is issued. A writ of fieri facias creates a lien on all intangibles. This means that the debtor's wages when earned are subject to the lien of the writ of fieri facias. The garnishment enforces the lien and requires the payor, in this case, Lockheed Martin, to pay the funds to the clerk of the issuing court. The issuing court then determines whether the funds should be paid to the creditor or to the debtor.

When a petition in bankruptcy is filed, all property of the debtor become property of the bankruptcy estate and are administered by the bankruptcy trustee except for property that the debtor

claims exempt. Exempt property ceases to be property of the estate and reverts to the debtor. In this case, the garnished funds held by the Clerk of the General District Court of Prince William County belonged to the debtor on the date he filed his petition in bankruptcy and became property of the bankruptcy estate. 11 U.S.C. §541. Consequently, as between the bankruptcy trustee and the debtor, they should be paid to the bankruptcy trustee unless they were claimed exempt. 11 U.S.C. §522(b)(1). Here, by claiming the homestead exemption, the garnished funds, as between the debtor and the trustee, should be paid to the debtor.

Generally, liens survive a discharge in bankruptcy. There is a exception, however, for liens which impair a debtor's exemption. 11 U.S.C. §522(f)(1)(A). Section 522(f)(1)(A) allows the debtor to avoid liens that impair his exemption. If a lien is not avoided, as between the debtor and the creditor, the secured creditor holding the lien is entitled to the money. If the lien is avoided, then as between the creditor and the debtor, the debtor is entitled to the funds. In this case, the debtor sought to avoid the lien created by the writ of fieri facias. The motion is well taken. The lien impairs the debtor's exemptions. That is, without the lien, the debtor would be entitled to the funds pursuant to his homestead exemption. Neither of the two exceptions to the homestead exemption are applicable. It is, therefore, appropriate to avoid the lien of the writ of fieri facias.

There are three parties who may be entitled to the garnished funds: the bankruptcy trustee, the secured creditor, and the debtor. The trustee is not entitled to the funds because the debtor properly claimed them exempt and they ceased to be property of the bankruptcy estate. 11 U.S.C. §522(b)(1). The secured creditor is not entitled to the funds because the debtor avoided the lien of the writ of fieri facias which encumbered the property. 11 U.S.C. §522(f)(1)(A). The secured

creditor has no other right in the funds.  Consequently, the funds held by the Clerk of the General District Court of Prince William County should be paid to the debtor.

DONE at Alexandria, Virginia, this 12th day of January, 2006.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Nancy O. Ryan


Copy mailed to:

Bernard Oravec
9005 Mulvaney Court
Springfield, Virginia 22152

12648